Layne *v.* State.

## WYATT LAYNE *v.* THE STATE.

CRIMINAL LAW. *Disturbing public worship.* Section 4853 of the Code is intended to protect assemblies met for religious worship. A meeting held for the enjoyment of a Christmas festival, though it was especially intended for Sunday-school scholars and their teachers and friends, does not change its character nor make it an assembly for religious worship.

FROM COFFEE.

Appeal in error from the Circuit Court of Coffee County. J. J. WILLIAMS, J.

C. DICKENS CLARK for Layne.

Attorney-General LEA for The State.

DEADERICK, C. J., delivered the opinion of the Court.

Layne was presented at the January term, 1879, of the Circuit Court of Coffee county for disturbing "an assembly of persons met for religious worship," and was convicted of said offense at the next May term. He was fined twenty dollars, and has appealed to this Court, the Circuit Judge having refused to grant him a new trial.

This presentment is framed under section 4853 of the Code, and is in the language of that statute.

It appears that the meeting was held at a schoolhouse, and is described by the witnesses as a "Sunday-school celebration and Christmas tree," at which no religious services had been appointed, but speeches were made upon the subject of Sunday-schools and public morality. On a Christmas tree were hung presents, and singing and music upon violins were the entertainments of the occasion.

Two persons were distributing the presents from the tree, calling the names of those for whom they were intended, when plaintiff in error, under the influence of liquor, placed himself on his back on the floor, and kicked the Christmas tree, swearing in a loud voice, to the great annoyance and disgust of the decent people present. He was finally induced to leave.

Layne *v.* State.

His conduct was very reprehensible, and he might have been indicted, and should have been exemplarily punished for his indecent profanity in the presence of the women and children and other good people there assembled, and we regret that we cannot affirm the judgment against him. But the Act under which he is presented is intended to protect "assemblies met for religious worship." The meeting disturbed was for the enjoyment of a Christmas festival, and the fact that it was especially intended for Sunday-school scholars and their teachers and friends, does not change its character, nor make it an "assembly for religious worship."

We hold, therefore, that the evidence does not support the charge made in the presentment, and that the judgment must be reversed.